UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID WELCH & LINDA WELCH<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION, as successor by merger to BUFFALO PUMPS, INC., et al.,<br><br>　　　　　　　Defendants. | NO. 2:21-cv-00904<br><br>**NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON:

PLEASE TAKE NOTICE that Defendant Velan Valve Corp. (hereinafter "Velan"), by and through its attorneys, hereby remove this civil action to the United States District Court for the Western District of Washington from the Superior Court of the State of Washington in and for King County pursuant to 28 U.S.C. §§ 1331, 1442, and 1446, whereby this Court has subject matter jurisdiction to adjudicate claims with respect to persons acting at the direction of an officer or agency of the United States. Velan states its grounds for removal more particularly as follows:

1. On or about June 1, 2021, Plaintiff initiated a civil action entitled *David Welch &*

NOTICE OF REMOVAL OF ACTION  -1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*Linda Welch v. Air & Liquid Systems Corporation, et al.,* in the Superior Court of Washington for King County.

2. On June 3, 2021, Velan was served with the original complaint.

3. Because this notice of removal is filed within 30 days of the service of the Complaint, consistent with the requirements of 28 U.S.C. section 1446(b) and Rule 6 of the Federal Rules of Civil Procedure, Velan's removal is timely. *See* 28 U.S.C. § 1446(b)(1).

4. Mr. Welch filed the present lawsuit against Velan, alleging generally that he was exposed to asbestos associated with equipment manufactured or supplied by Velan while he was serving in the United States Navy from 1965 through 1969 as a fireman and/or welder.

5. Accordingly, based on the Complaint, plaintiffs seek to hold Velan liable in connection with products Velan allegedly manufactured and sold to the U.S. Navy.

6. Any and all equipment produced and supplied by Velan for the U.S. Navy was specifically designed and manufactured in accordance with specifications provided by the U.S. Navy, and was designed and built under the direction and control of the Navy and its officers.

7. Consequently, Velan is entitled to remove this action based on federal officer jurisdiction under 28 U.S.C. §1442(a)(1) because: (a) Velan is a person that has a colorable federal "government contractor" defense; (b) Velan's alleged tortious acts – the manufacture and sale of allegedly defective products for the Navy – occurred under the authority or at the direction of an officer or agency of the United States; and (c) there is a causal nexus between Plaintiff's claims and the conduct performed by Velan under such authority and/or at such direction. *Mesa v. California*, 489 U.S. 121 (1989).

8. Velan is not required to prove the merits of its defense in order to remove this case; rather, under *Mesa*, it must present a colorable showing of entitlement such that the validity of the defense should be tried in federal court. 489 U.S. at 129; *see also, e.g., Corley v. Long-Lewis, Inc.*, 688 F.Supp. 2d 1315, 1334 (N.D. Ala. 2010); *Ferguson v. Lorillard Tobacco Co.*,

NOTICE OF REMOVAL OF ACTION  -2

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

475 F. Supp. 2d 725, 731 (N.D. Ohio 2007); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 701 (S.D. Tex. 2002). To make a colorable showing of this defense Velan must show that the defense is "plausible" and not "completely frivolous." *Magnin v. Teledyne Continental Motors,* 91 F.3d 1424, 1427 (11th Cir. 1996).

9. In 2006, the Ninth Circuit unequivocally stated that "the Supreme Court has mandated a generous interpretation of the federal officer removal statute . . . [and] has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Durham v. Lockheed Martin Corp.,* 445 F. 3d 1247, 1252 (9th Cir. 2006) (citations omitted).

10. The "government contractor" defense was established in *Boyle v. United Technologies Corp*., 487 U.S. 500, 108 (1988). The Supreme Court held that liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. 487 U.S. 500, 512 (1988).

11. As recognized in *Boyle*, Velan has a federal defense to this action: i.e., government contractor immunity from liability for injuries arising from any exposure to asbestos-containing equipment on board United States Navy vessels, or at U.S. Navy land based installations, insofar as they were manufactured or supplied by Velan. *See also Carley v. Wheeled Coach,* 991 F.2d 1117, 1123 (3d Cir. 1993); *Kleeman v. McDonnell Douglas Corp.,* 890 F.2d 698, 700 (4th Cir. 1989); *Garner v. Santoro,* 865 F.2d 629, 634 (5th Cir. 1991).

12. The government contractor defense extends to both product defect claims and failure to warn claims. In a case premised on a failure to warn of dangers allegedly associated

NOTICE OF REMOVAL OF ACTION  -3

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

with products supplied to the government, a defendant is entitled to the protections of the military contractor defense where any alleged state law duty to warn conflicts with the government's interest in procuring military equipment. A conflict between federal policy and state law exists where: (1) the United States exercised its discretion and approved the warnings, if any; (2) the contractor provided warnings that conformed to the approved warnings; and (3) the contractor warned the United States of the dangers in the equipment's use about which the contractor knew, but the United States did not. *See, e.g., Tate v. Boeing Helicopters*, 55 F.3d 1150, 1157 (6th Cir. 1995).

13. *See also Getz v. The Boeing Co.*, 654 F.3d 852, 867 (9th Cir. 2011), where the court held that the government contractor defense is available in "failure to warn" actions where the evidence shows that the "government exercised [] discretion" in that "the [Navy] considered, reviewed, and determined which warnings to provide. . . ."

14. Velan is a "person" within the meaning of 28 U.S.C. § 1442(a). *See, e.g., Ferguson*, 475 F. Supp. 2d at 729; *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992).

15. The Navy issued specifications and other technical documentation identified in applicable contract documents that controlled the valves' design and construction and specified the materials to be used, including asbestos gaskets. The Navy retained ultimate decision-making authority with respect to the design and final approval of all Velan valves constructed for Navy vessels. All valves supplied by valves supplied to the Navy by Velan were manufactured under reasonably precise specifications and other technical documentation dictated by the Navy and identified in applicable contract documents.

16. The Navy's specifications also covered the nature of any communication affixed to or otherwise accompanying valves or equipment supplied to the Navy. Velan was required to submit for approval and acceptance by the federal government drafts of any manuals, drawings, information plates, or other written materials required to be provided with regard to

NOTICE OF REMOVAL OF ACTION  -4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

valves it manufactured for the Navy.

17. Therefore, Velan was, at all times, acting under the direct authority and control of officers of the United States Navy, in carrying out its contracts for the manufacture of valves for the Navy vessels or land based installations where plaintiff David Welch served, *see Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 419 (5th Cir. 2001); *Mitchell v. AC & S, Inc.*, 2004 WL 3831228, at *2-3 (E.D. Va. 2004); *Nesbiet*, 399 F. Supp. 2d at 212; and under *Boyle* and its progeny Velan has a colorable federal defense to plaintiff's claims.

18. The United States Navy was aware of the potential hazards of asbestos as early as 1922, and by the 1940s, the Navy's knowledge regarding the potential hazards of asbestos was quite complete when compared to the available knowledge at the time. *See, e.g., Nesbiet v. General Electric Co.*, 399 F. Supp. 2d 205, 212 (S.D.N.Y. 2005) ("Navy's knowledge of the dangers of asbestos on board its ships was state-of-the-art"); *Niemann v. McDonnell Douglas Corp.*, 721 F. Supp. 1019 (S.D. Ill. 1989) ("the government was aware of the risks of the use of asbestos and chose to continue to use asbestos in spite of this knowledge").

19. There is a causal nexus between Velan's actions undertaken at the government's direction and the harm that plaintiff alleges – plaintiff's development of an asbestos-related disease -- in that the injury allegedly was caused by exposure to asbestos associated with valves supplied by Velan pursuant to Navy specification and direction. *Magnin,* 91 F. 3d at 1427-28; *Corley,* 688 F. 3d at 1335.

20. The federal officer removal statute is not narrow or limited. *Willingham v. Morgan*, 395 U.S. 402, 405 (1960); *Corley,* 688 F.Supp at 1332 (*citing Jefferson County v. Acker,* 527 U.S. 423 (1999)). A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related State court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *ThermItron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).

NOTICE OF REMOVAL OF ACTION  -5

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

21. Velan is not required to notify and obtain the consent or approval of any other Defendant in this action for removal under § 1442(a)(1). *See e.g.*, *Ely Valley Mines, Inc. v. Hartford Accident Indemnity Co.*, 644 F2d 1310, 1315 (9th Cir. 1981); *National Audubon Society v. Department of Water & Power of the City of Los Angeles*, 496 F.Supp. 499, 509 (C.D. Cal. 1980).

22. If Plaintiff files a motion to remand this action, Velan respectfully requests an opportunity to respond more fully in a supplemental memorandum.

23. As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon Velan will be filed within 14 days of the filing of this Notice of Removal.

24. Immediately upon filing of this Notice of Removal, Velan will file a copy of the Notice of Removal with the Clerk of the King County Superior Court, and will provide written notice to counsel for Plaintiffs and Defendants in accordance with 28 U.S.C. § 1446(d).

25. By seeking removal, Velan does not waive any defenses, including, but not limited to, lack of personal jurisdiction, insufficiency of process, or service of process.

WHEREFORE, Defendant respectfully requests that the Court remove the above-captioned action now pending against it in the King County Superior Court for the State of Washington, to the United States District Court for the Western District of Washington at Seattle, wherein it shall proceed as an action originally commenced therein.

DATED this 6th day of July, 2021.

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Mark B. Tuvim*
Mark B. Tuvim, WSBA No. 31909
Kevin J. Craig, WSBA No. 29932
Trevor J. Mohr, WSBA No. 51857
Attorneys for Air & Liquid Systems Corporation
seaasbestos@grsm.com

NOTICE OF REMOVAL OF ACTION  -6

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822