UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID J WELCH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AIR & LIQUID SYSTEMS CORPORATION, et al., <br><br> Defendants. | CASE NO. C21-904 MJP <br><br> ORDER REMANDING AND AWARDING ATTORNEYS' FEES AND COSTS |

This matter comes before the Court on Plaintiffs' Motion to Remand (Dkt. No. 23) and the Court's Order to Show Cause regarding subject matter jurisdiction (Dkt. No. 47). Having reviewed the Motion, the Responses (Dkt. Nos. 78, 92), the Reply (Dkt. No. 90), and all supporting materials, the Court GRANTS the Motion to Remand, REMANDS this action to King County Superior Court, and GRANTS Plaintiffs' request for attorneys' fees and costs under 28 U.S.C. § 1447(c).

ORDER REMANDING AND AWARDING ATTORNEYS' FEES AND COSTS - 1

## BACKGROUND

On June 1, 2021, David and Linda Welch filed claims in King County Superior Court against various defendants who are allegedly responsible for mining, manufacturing, and/or installing the asbestos that has caused David's newly diagnosed pleural mesothelioma. (See Complaint, (Dkt. No. 1-2); Ex. 1 to the Declaration of Vanessa Oslund (Dkt. No. 24 at 5).) Given David Welch's diagnosis and terminal mesothelioma, Plaintiffs moved for an expedited trial pursuant to RCW 4.44.025 on June 23, 2021.

At issue in this Motion is defendant Velan Valve Corp.'s decision to remove this action after Plaintiffs had filed for voluntary dismissal against Velan. The Court reviews the facts specific to Velan's participation and actions in removing this matter.

Velan was served with a copy of the Complaint on June 3, 2021. (Notice of Removal ¶ 2 (Dkt. No. 1).) During the weeks of June 21 and 28, counsel for Velan, Mark Tuvim of Gordon Rees Scully Mansukhani, LLP, discussed potential settlement of the claims. (Declaration of Mark Tuvim ¶ 2 (Dkt. No. 79).) Those discussions bore no fruit, and on July 2, 2021, Tuvim entered a notice of appearance on Velan's behalf. Four days later on July 6, 2021 by 9:00 AM, Plaintiffs had filed and served a motion to voluntarily dismiss (or "nonsuit") their claims against Velan under Washington Superior Court Rule CR 41(a)(1)(B), noting the motion for July 19, 2021. Later that same day, at nearly 3:00 PM, Velan filed a notice of removal signed by Tuvim. Velan removed the matter based on federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). No other defendant to this lawsuit joined the removal or independently sought removal.

Immediately after learning of the removal, counsel for Plaintiffs contacted Tuvim to query whether he had overlooked the motion for voluntary dismissal that had been filed that morning. (Declaration of Matthew Bergman ¶ 2 (Dkt. No. 25).) Tuvim was aware of the motion

but refused to withdraw the notice of removal. (Id.; Tuvim Decl. ¶ 3 (Dkt. No. 79).) Tuvim and counsel for Plaintiffs, Matthew Bergman, discussed the possibility that Plaintiffs could withdraw their motion for voluntary dismissal before the July 19, 2021 noting date. (Tuvim Decl. ¶ 4 (Dkt. No. 79); Supplemental Declaration of Matthew Bergman ¶ 2 (Dkt. No. 91).) But as Bergman declares under oath, he "told [Tuvim] that such an action by Plaintiffs would be unconscionable and something that I would never do as a practicing attorney." (Supp. Bergman Decl. ¶ 2.) Ultimately, on July 19, 2021, the Superior Court denied without prejudice Plaintiffs' motion for voluntary dismissal given the jurisdictional effect of the removal. (Ex. 2 to the Tuvim Decl. (Dkt. No. 79 at 11-13).)

**ANALYSIS**

**A.     Improper Removal**

The Court finds that it lacks subject matter jurisdiction over this matter given Plaintiffs' efforts to dismiss Velan prior to removal.

"It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court." Ristuccia v. Adams, 406 F.2d 1257, 1258 (9th Cir. 1969). The question presented is whether there were claims pending against Velan at the time of removal. This requires some analysis of Washington's rules of civil procedure.

And under Washington law, a plaintiff's right to obtain voluntary dismissal is absolute and subject only to mandatory and non-discretionary judicial approval. See Wash. Super. Ct. R. CR 41(a)(1)(B) ("Mandatory: . . . any action shall be dismissed by the court . . . [u]pon motion of the plaintiff at any time before plaintiff rests at the conclusion of plaintiff's opening case."); In re Archer's Est., 36 Wn.2d 505, 508 (1950) (a plaintiff's right to voluntarily dismiss her claims "is absolute and involves no element of discretion on the part of the trial court."). "The right to a

voluntary nonsuit is measured by the posture of the case at the time the motion is made, and the right to a dismissal is fixed at that point." Greenlaw v. Renn, 64 Wn. App. 499, 502 (1992). The "defendant is not thereafter entitled to claim a setoff or seek affirmative relief so as to prevent the granting of the nonsuit." Krause v. Borjessan, 55 Wn.2d at 285 (1959). Because a plaintiff is "entitled to dismissal without prejudice and without delay" the effect is immediate and the right absolute. See Calvert v. Berg, 177 Wn. App. 466, 472 (2013). For example, in Calvert, the court found that by filing a motion for voluntary dismissal, the plaintiffs deprived the court of its ability to impose sanctions on plaintiffs for failing to comply with the court's prior discovery order. Similarly, the court in Greenlaw found that by filing a motion for voluntary dismissal, the plaintiff extinguished her claims even though the defendant's summary judgment motion was pending and plaintiff had failed to file an opposition. 64 Wn. App. at 503 (noting that the motion for voluntary nonsuit must be granted "as a matter of right" so long as it is filed or requested before the hearing on a summary judgment motion has commenced).

Considering 28 U.S.C. § 1446 and Washington law interpreting Superior Court Rule CR 41(a)(1)(B), the Court finds that removal was improper. By filing their motion to voluntarily dismiss their claims against Velan, Plaintiffs rendered them a dead letter. Plaintiffs' right to dismissal was absolute and fixed at the time the motion was filed—six hours before Velan filed its notice of removal. See Archer's Est., 36 Wn.2d at 508; Greenlaw, 64 Wn. App. at 502-03. And under Washington's CR 41(a)(1)(B), the trial court enjoyed no discretion to refuse to effectuate the mandatory dismissal. Only by filing a notice of removal was Velan able to impede the mandatory voluntary dismissal process. (See Ex. 2 to Tuvim Decl.) This was improper because Plaintiffs' action taken before the removal had rendered the claims against Velan a nullity pending only non-discretionary, mandatory judicial approval. See Calvert, 177 Wn. App.

1   at 472; Greenlaw, 64 Wn. App. at 502-03. As such, at the time of removal, there were no

2   actionable claims pending against Velan and no dispute to remove. See Ristuccia, 406 F.2d at

3   258.

4        Velan argues that it had every right to remove the action because the non-discretionary

5   dismissal order had yet to be signed by the court and because Velan would have missed the

6   removal window under 28 U.S.C. § 1446(b)(1) if it waited until the motion noted on July 19.

7   This motivation does not justify the removal. As explained above, the right to removal was fixed

8   as of July 6 at 9:00 AM, pending only a mechanistic and self-effectuating dismissal approval on

9   July 19. Because the right to dismissal was fixed, there was nothing to remove. See Calvert, 177

10   Wn. App. at 472; Ristuccia, 406 F.2d at 258. Velan's concerns over missing the 30-day removal

11   window were based on a fear that Plaintiffs might withdraw the motion for voluntary dismissal.

12   This belief was unreasonable for two reasons. First, the removal period under 28 U.S.C. §

13   1446(b)(1) is subject to equitable considerations. Fristoe v. Reynolds Metals Co., 615 F.2d 1209,

14   1212 (9th Cir. 1980) ("The statutory time limit for removal petitions is merely a formal and

15   modal requirement and is not jurisdictional."). Had Plaintiffs engaged in sharp practice and

16   withdrawn their motion for voluntary dismissal before July 19, Velan could have then removed

17   and almost undoubtedly obtained equitable relief from the 30-day deadline. Second, even if

18   Velan's concerns were legitimate, Velan promptly obtained reassurance from Plaintiffs' counsel

19   that Plaintiffs would not engage in subterfuge and withdraw the motion for voluntary dismissal.

20   (Suppl. Berman Decl. ¶ 2 (Dkt. No. 91).) Counsel for Velan should have taken Plaintiffs'

21   counsel at his word and withdrawn the removal. Instead, by refusing to withdraw the removal,

22   Velan impeded the otherwise mandatory dismissal of the claims against it and frustrating

23

24

1  Plaintiffs' ability to obtain an expedited trial in King County. This does not demonstrate that
2  removal was appropriate.
3      Because the Court finds that it lacks subject matter jurisdiction, it GRANTS the Motion
4  to Remand and REMANDS this matter to King County Superior Court. See 28 U.S.C. § 1447(c).
5  **B.  Sanctions**
6      Plaintiffs ask the Court to award fees and costs for their efforts in obtaining a remand of
7  this case to King County Superior Court. The Court agrees.
8      Under 28 U.S.C. § 1447(c), the Court's "order remanding the case may require payment
9  of just costs and any actual expenses, including attorney fees, incurred as a result of the
10 removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c)
11 only where the removing party lacked an objectively reasonable basis for seeking removal."
12 Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005) (noting, too, that the "failure to disclose
13 facts necessary to determine jurisdiction may affect the decision to award attorney's fees"). Here,
14 the Court finds that Velan lacked an objectively reasonable basis for seeking removal. It knew
15 that under CR 41(a)(1)(B) Plaintiffs' the right to dismissal was fixed before Velan filed the
16 removal, and that the superior court lacked any discretion to refuse the dismissal. The only
17 means of stopping Plaintiffs' absolute right to mandatory dismissal was to do what Velan did
18 here—remove the action. This act to frustrate the automatic dismissal of the claims was
19 objectively unreasonable. Moreover, Velan's notice of removal did not disclose the pending
20 motion for voluntary dismissal—a critical fact relevant to determine jurisdiction. This omission
21 further supports imposition of fees and costs. See Martin, 546 U.S. at 141. Further, Velan's
22 concern about missing the removal window was not justification for its action. Velan's counsel
23 should have known that under longstanding Ninth Circuit law, equitable considerations apply to
24

the 30-day removal window. See Fristoe, 615 F.2d at 1212. And immediately after filing for removal, Velan knew that Plaintiffs would not withdraw the motion for voluntary dismissal. This should have caused Velan to withdraw the removal. Velan's actions were objectively unreasonable. Costs and fees are properly awarded under 28 U.S.C. § 1447(c).

The Court GRANTS Plaintiffs' request for attorneys' fees and costs. Plaintiffs are ORDERED to submit a declaration(s) and supporting records sufficient to show counsel's hourly rates, the hours reasonably expended, and the costs incurred in obtaining remand of this matter. Plaintiffs shall do so within 7 days of entry of this Order.

## CONCLUSION

The Court finds that it lacks subject matter jurisdiction over this matter. When Velan removed this matter, Plaintiffs had already fixed their absolute right to voluntarily dismiss the claims against Velan in King County Superior Court. There was no right to removal and doing so was objectively unreasonable. The Court therefore GRANTS the Motion, REMANDS this matter to King County Superior Court, and GRANTS Plaintiffs' request attorneys' fees and costs. Within seven days of entry of this Order, Plaintiffs shall file the requested materials necessary for the Court to set the proper award of attorneys' fees and costs.

And although the Court remands this matter, it will still consider and rule on Plaintiffs' Motion for Sanctions, which notes on August 27, 2021.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 9, 2021.

Marsha J. Pechman
United States Senior District Judge